# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MARCUS JAMAR BROADNAX,

    Plaintiff,

    v.

YESCARE CORP., et al.,

    Defendants.

Civil Action No.:  PX-24-2053

## MEMORANDUM ORDER

Pending in this pro se civil rights action are two motions to dismiss filed by Defendants YesCare Corporation ("Yes Care") and Warden William Bailey ("Warden Bailey").  ECF Nos. 20, 22.  After having been advised of his right to respond, ECF Nos. 21 & 23, Plaintiff Marcus Jamar Broadnax ("Broadnax") opposes YesCare's motion.  ECF No. 24.  The Court has reviewed the papers and finds no hearing necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  For the following reasons, the motions shall be granted.

On May 22, 2024, while confined at Eastern Correctional Institution ("ECI"), two inmates physically assaulted and stabbed Broadnax.  ECF No. 7 at 4-5.  Broadnax was transported to the ECI medical unit and next to the emergency room at Tidal Health where he was treated for six stab wounds.  *Id.*  When he returned to ECI, Broadnax saw nurse Jamison Post on May 23, 2024.  ECF No. 7-1.  Nurse Post noted that Broadnax was to have a follow-up visit in one week.  *Id.* at 3.  Broadnax filed a sick call shortly after seeking pain medication and asserting that his stitches needed to be removed.  ECF No. 7 at 4.  He followed on with additional medication requests, but all were denied or ignored.  *Id.*  His sutures were removed on June 1.  ECF No. 7-1 at 4.

In connection with the requests for medical attention, Broadnax filed an administrative remedy ("ARP") with Warden Bailey, asserting denial of medical care.  *Id.* at 7; ECF No. 7-2. Warden Bailey found the ARP "meritorious in part," and acknowledged that while the emergency room that discharged Broadnax did not prescribe pain medication, Broadnax had not yet been seen by medical staff upon his return.  ECF No. 7-2 at 1.  Warden Bailey further noted that medical staff had been "advised" that they must "adhere to the DPSCS Clinical Services and Inmate Health Operations Manual."  *Id*.  Based on the above, the Amended Complaint avers that by denying Broadnax care, YesCare and Warden Bailey violated his Eighth Amendment right to be free from cruel and unusual punishment.  *Id.* at 8.

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and construes the facts most favorably to the plaintiff.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'"  *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above a speculative level."  *Twombly*, 550 U.S. at 555.  "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'"  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a

2

district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)).  "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

The Court begins with YesCare's motion to dismiss for failure to articulate a plausible claim against it.  ECF No. 20.  Liability attaches to government agencies or entitles only if the alleged constitutional wrongs had been committed pursuant to the agency or entity's policy, custom or practice.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978).  *See also id.* at 694 ("[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury the government as an entity is responsible under § 1983."); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).  *Monell* liability has been extended to private entities operating under color of state law, including private prison health care providers.  *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 49 (1988); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981); *Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).  Missing here, however, are any facts which make plausible that YesCare operated pursuant to a policy, custom or practice, the adherence to which caused the violation of Broadnax's right to constitutionally adequate medical care.  *See, e.g.*, *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. City of Elizabeth City*, 388 F.3d 440, 451 (4th Cir. 2004), *cert. denied*, 547 U.S. 1187 (2006); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).[1]  The claim against YesCare, thus fails on this element alone.

---

[1] Broadnax relies on the DPSCS Clinical Services and Inmate Health Operations Manual as the policy which governs YesCare, and he emphasizes the policy prohibits intentional denial of medical care, ECF No. 24 at 14.  Even if the

Next as to Warden Bailey, although he seeks summary judgment in the alternative, he submits no materials outside the pleadings. Accordingly, the Court will treat the motion as one to dismiss the Eighth Amendment claim as to him.

Warden Bailey principally argues that the claim fails because no facts make plausible that he personally participated in any denial of Broadnax's medical care. ECF No. 22-2 at 7. Bailey is correct that an individual state actor can only be held liable for a § 1983 claim if he personally participated in the deprivation of the plaintiff's constitutional rights. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). When viewing the complaint facts most favorably to Broadnax, Warden Bailey played no role in Broadnax's care. Bailey's review of Broadnax's ARP alone does not suffice. *Cf. Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (allegation that warden "rubber stamped" grievances was not enough to establish personal participation) (citing *Whitington v. Ortiz*, 307 Fed, Appx. 179, 193 (10th Cir. 2009) (unpublished) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.")). Thus, the claim against Bailey must also be dismissed.

Based on the foregoing, the Court grants Defendants' motions and dismisses the Amended Complaint. Broadnax is forewarned that if, while incarcerated, he has three actions or appeals dismissed as frivolous, malicious, or insufficient as a matter of law, his right to file a complaint in federal court without first paying the filing fee will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

Accordingly, it is this 9th day of January 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. YesCare's Motion to Dismiss (ECF No. 20) IS GRANTED;

---

Court assumes that YesCare is governed by the DPSCS policy, the directive itself *prohibits* intentional denial of timely care. So YesCare's adherence to this policy cannot be said to cause the *denial* of timely care.

2. Warden William Bailey's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 22), construed as a motion to dismiss, IS GRANTED;

3. The Amended Complaint IS DISMISSED;

4. The Clerk SHALL PROVIDE a copy of the foregoing Memorandum Opinion and a copy of this Order to Broadnax and to counsel; and

5. The Clerk SHALL CLOSE this case.

<u>    1/9/25    </u>                              <u>           /S/           </u>
Date                                             Paula Xinis
                                                 United States District Judge